IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD W. EDMOND, | § | |
| TDCJ #579280, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3298 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Ronald W. Edmond (TDCJ # 579280) is a state inmate incarcerated in the Texas

Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").

Edmond filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a

1997 parole revocation and a prison disciplinary conviction entered against him on an

"unknown" occasion.  At the Court's request, Edmond has filed an amended version of his

federal habeas corpus petition.  (Doc. # 4).  After reviewing all of the pleadings under Rule

4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court

concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Edmond reports that he is currently serving a twenty-five year prison sentence from

a conviction entered against him in Dallas County, Texas.  On October 3, 2007, Edmond

filed a federal habeas corpus petition in which he challenged a parole revocation proceeding

that occurred ten years ago in Dallas in 1997.  In that petition, Edmond also challenged a prison disciplinary conviction entered against him at the Estelle Unit in Huntsville, where Edmond currently resides, on an "unknown" date.

In an order entered on October 15, 2007, the Court found that Edmond's original federal habeas corpus petition was deficient for several reasons and ordered him to file an amended pleading.  (Doc. # 3).  The Court noted that any challenge to Edmond's 1997 parole revocation appeared untimely under the statute of limitations.  *See* 28 U.S.C. § 2244(d). Further, because Edmond's parole revocation occurred in Dallas, the Southern District of Texas is not the appropriate venue for a habeas corpus petition to challenge that proceeding. More importantly, the Court noted that Edmond had already attempted to challenge his parole revocation previously in the Northern District of Texas, Dallas Division.  *See Edmond v. Quarterman*, Civil No. 3:07-821 (N.D. Tex.).  Because Edmond did not present any authorization from the Fifth Circuit approving a successive petition for purposes of 28 U.S.C. § 2244(b), the Court advised Edmond that he could not challenge his parole revocation proceeding here.

In the October 15, 2007 order, the Court noted further that Edmond's original habeas petition failed to provide sufficient information about the "unknown" prison disciplinary conviction that he was attempting to challenge.  The Court provided Edmond with a federal habeas corpus form petition approved for use by prisoners in this district and instructed him to comply with that form by supplying specific information as instructed, including the disciplinary case number that he wishes to challenge, the nature of the charges, and the date

2

on which he was convicted. The Court also asked Edmond to identify the punishment imposed, including "the number of earned good-time credits lost" as a result of the disciplinary conviction at issue. The Court further instructed Edmond to provide specific facts showing that he is entitled to relief in compliance with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires, among other things, that a petitioner "must" specify all the grounds of relief available and supply facts supporting each ground.

Edmond has filed an amended petition using the form supplied by the Court. (Doc. # 4). Because the amended petition fails to comply with the Court's previous order, and because the amended pleading otherwise fails to supply sufficient facts in support of his claims, the Court concludes that this case must be dismissed for reasons discussed briefly below.

## II.    DISCUSSION

### A.    Edmond's Challenge to his 1997 Parole Revocation

Although Edmond was advised that he could not challenge his 1997 parole revocation, a portion of his amended petition is devoted to challenging this proceeding. (Doc. # 4). As explained to Edmond previously in the Court's order dated October 15, 2007, any challenge to this 1997 parole revocation is barred by the governing one-year statute of limitations on federal habeas corpus review. *See* 28 U.S.C. § 2244(d). Edmond does not show that his challenge is timely or that he is entitled to any tolling. Likewise, Edmond does not dispute that his challenge to the 1997 parole revocation is a successive habeas application of the sort

3

prohibited by 28 U.S.C. § 2244(b).  For these reasons, Edmond's challenge to his parole revocation fails to state a claim for which habeas corpus review is appropriate or available. Thus, Edmond's challenge to his parole revocation must be dismissed.

In addition, the amended petition filed by Edmond contains a separate claim in which he suggests that his sentence was calculated incorrectly following the revocation of his parole.  To the extent that Edmond's parole was revoked in 1997, this claim also appears untimely.  Moreover, as noted previously, court records reflect that Edmond has filed another habeas corpus proceeding in the Northern District of Texas, in which he appears to challenge the calculation of his sentence.  *See Edmond v. Quarterman*, 3:07-0852 (N.D. Tex.).  To the extent that Edmond's amended petition also attempts to challenge the calculation of his sentence, Edmond may not assert duplicative claims in this habeas corpus proceeding. Accordingly, this Court will not address Edmond's assertion that his sentence has been calculated incorrectly following his parole revocation.

**B.    Edmond's Prison Disciplinary Convictions**

In his original petition, Edmond sought to challenge at least one prison disciplinary conviction entered against him at the Estelle Unit.  Edmond was instructed to provide specific details about the prison disciplinary conviction that he wished to challenge, as well as pertinent facts in support of his claim for relief.  In his amended petition, Edmond challenges several unspecified prison disciplinary convictions that allegedly have been entered against him in 2001, 2003, and 2007.  Edmond does not provide any of the requested information about the disciplinary violations at issue in these cases or the punishments that

4

were imposed.  Likewise, Edmond does not allege facts showing that he is entitled to relief from the disciplinary convictions entered against him.  Liberally construed, Edmond appears to claim only that the disciplinary charges were "false."

To the extent that Edmond attempts to challenge prison disciplinary cases entered against him in 2001, and 2003, it appears that his claims are barred by the governing statute of limitations found in 28 U.S.C. § 2244(d)(1)(D).  *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations on habeas review begins to run on the date the disciplinary conviction was entered).  More importantly, to the extent that Edmond challenges any of the prison disciplinary convictions referenced in his amended petition, he fails to provide any facts showing that he is entitled to relief.

It is true that *pro se* petitions are entitled to a liberal construction.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue [on collateral review]."  *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989));  *see also Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (making clear that "conclusory allegations . . . do not raise a constitutional issue in a federal habeas proceeding");  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.");  *Schlang v. Heard*, 691 F.2d 796,  799 (5th Cir. 1982) ("mere conclusory statements do not raise a constitutional issue in a habeas case").

In its order dated October 15, 2007, the Court carefully detailed the deficiencies found

in the habeas corpus petition filed originally by Edmond in this case. (Doc. # 3). The Court provided Edmond with a new form to use in filing a federal habeas corpus petition and afforded him an opportunity to amend his petition. In doing so, the Court specifically instructed Edmond to provide pertinent information about the disciplinary conviction that he wished to challenge and directed him to supply sufficient facts in support of his claims for relief. Edmond's amended petition, which merely presents more of the same vague allegations found in the original, fails to comply with the Court's instructions.[1] A federal habeas corpus court need not accept speculative and inconcrete claims such as these. *See Baldwin v. Blackburn*, 653 F.2d 942, 947, (5th Cir. Unit A 1981), *cert. denied*, 456 U.S. 950 (1982). "Judges are not like pigs, hunting for truffles buried in briefs." *De la O v. Housing Auth. of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court possesses the inherent authority to dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

---

[1]     Edmond has filed a motion for leave to proceed *in forma pauperis*. (Doc. # 2). As noted previously, Edmond is a frequent filer in the federal courts and not a novice. Court records reflect that he has filed over thirty lawsuits, including both habeas corpus and civil rights complaints. He has so many strikes against him for filing baseless claims that he is now barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). *See Edmond v. Quarterman*, Civil No. H-07-2284 (S.D. Tex. Aug. 21, 2007) (detailing the number of "strikes" and dismissing under § 1915(g)). Although the three-strikes provision found in § 1915(g) does not apply to habeas corpus proceedings, the Court will not grant Edmond leave to proceed *in forma pauperis* in this case because of his continued failure to comply with federal procedural rules.

entitled to relief in the district court[.]"  From the face of the amended petition filed by Edmond, it plainly appears that the petitioner is not entitled to relief. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

## III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1.      The federal habeas corpus petition is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

2.      A certificate of appealability will not issue from this decision.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on November 15th , 2007.

Nancy F. Atlas
United States District Judge